**FILED**
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

AUG 0 9 2004

·CLERK·

UNITED STATES OF AMERICA,

Plaintiff-Respondent,

v.                                                      CIV 03-1070 BB/LAM
                                                        CR 00-732 BB

CARMELO CALLEJAS,

Defendant-Movant.


## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION[1]

**THIS MATTER** is before the Court on Carmelo Callejas' Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By A Person In Federal Custody *(Doc. 1)* filed on September 15, 2003 and Memorandum in Support of the motion. *(Doc. 2)*. The United States filed a response on November 7, 2003, asking the Court to deny Movant's motion and dismiss the case with prejudice. *(Doc. 7)*. Movant attacks the sentence entered by the United States District Court for the District of New Mexico in *United States v. Carmelo Callejas*, CR 00-732 BB. Movant raises the following claims: 1) his constitutional right to due process was violated by a wrongful conviction of conspiracy in the absence of a co-conspirator; 2) there was insufficient evidence for Movant's convictions for Maintaining a Place for the Manufacture of Cocaine, Possession with Intent to

---

[1] The parties are notified that within **ten (10) days** after being served with a copy of these Proposed Findings and Recommended Disposition they may file and serve written objections with the Clerk of the U.S. District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the U.S. District Court within the ten-day period allowed if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

Distribute Less than five (5) grams of Cocaine Base, and the Manufacture of Less than five (5) grams of Cocaine Base; 3) his conviction for possession of firearms cannot stand in the absence of the above convictions; 4) the cash-to-drugs conversion used to determine his sentence was in error; and 5) he received ineffective assistance of counsel. *(Doc. 2)*. Movant also requests appointment of counsel in his Objection to Government's Answer. *(Doc. 8)*. The United States contends Movant's claims 1 through 4 above are procedurally barred and claim 5, the ineffective assistance of counsel claim, is without merit. *(Doc. 7, page 9)*.

Having considered the arguments, pleadings, and relevant law, and for the reasons set forth below, the Court finds that the motion is not well-taken and recommends that it be **DENIED**. Because it is possible to resolve the issues on the pleadings, and the record establishes conclusively that Movant is not entitled to relief, the Court finds that an evidentiary hearing is not necessary. *See* § 2255; Rule 8(a), *Rules Governing Habeas Corpus Under Section 2255; Trice v. Ward*, 196 F.3d 1151, 1159 (10th Cir. 1999), *cert. denied*, 531 U.S. 835 (2000).

## I. Factual and Procedural Background

On April 25, 2001, a jury found Movant guilty on five related drug charges, including maintaining a place for the purpose of manufacturing, distributing, and using controlled substances, including crack cocaine, conspiracy to possess with intent to distribute five grams or more of crack cocaine, manufacturing less than five grams of crack cocaine, possession with intent to distribute less than five grams of crack cocaine, and possession of firearms in furtherance of a criminal conspiracy. *Callejas*, CR 00-732 BB.

At the December 6, 2001 sentencing hearing, Movant took the stand and objected to the Presentence Report's recommended enhancement of the sentence based on a conversion of cash to

2

drugs, claiming the cash seized at his arrest did not belong to him. *(Sentencing Transcript at 3-11)*. Alternatively, Movant argued that the cash was his from a legitimate clothing resale business. *(Id.)* The District Court found that the Presentence Report's cash-to-drugs conversion was appropriate *(Id. at 25)* and that Movant had lied on the stand. *(Id. at 12, 14, 24-25)*. The District Court accepted the Presentence Report's recommendation and found that Movant had perjured himself both during the trial and at his sentencing hearing and enhanced the sentence by two points for obstruction of justice, thereby sentencing Movant to prison for a total of 248 months. *(Id. at 24-27)*.

Movant timely filed a notice of appeal to the Tenth Circuit on January 4, 2002. Movant objected specifically to the sufficiency of the jury's verdict, the judge's decision to admit certain evidence, the jury instructions, and the calculation of his sentence. *United States v. Callejas*, 66 Fed. Appx. 826, 828, 2003 WL 21300340 (10th Cir 2003) (unpublished opinion). The Tenth Circuit issued its order and judgment on June 6, 2003, finding substantial evidence to support the jury's verdict and no error on the part of the district judge, thereby affirming the conviction and sentence. *(Id. at 836)*. On September 15, 2003, Movant filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence *(Doc. 1)* and, On September 23, 2003, the Court ordered the government to respond to said motion.

## II. Analysis

A 28 U.S.C. § 2255 motion to vacate a sentence has many characteristics as those of a writ of *habeas corpus*, but it is technically not a *habeas* proceeding. 28 U.S.C.A. § 2255. A motion to vacate pursuant to § 2255 provides an avenue for redress when an error is either jurisdictional or constitutional and results in a "fundamental defect which inherently results in a complete miscarriage of justice." *Hill v. United States*, 368 U.S. 424, 428, 82 S.Ct. 468, 471 (1962); *United States v.*

3

*Addonizio*, 442 U.S. 178, 185 (1979). However, it is well-settled in the Tenth Circuit that a § 2255 motion cannot be used to raise issues previously considered and disposed of on direct appeal. *United States v. Warner*, 23 F.3d 287, 291 (10th Cir. 1994); *United States v. Cook*, 997 F.2d 1312, 1318 n.6 (10th Cir. 1993) (issues fully addressed on direct appeal are not cognizable under § 2255); *United States v. Prichard*, 875 F.2d 789, 791 (10th Cir. 1989) (issues disposed of on direct appeal generally will not be considered on a collateral attack by a motion pursuant to § 2255).

In seeking this Court's review, Movant attempts to convert his claims into constitutional claims, even though these claims were reviewed and rejected by the Tenth Circuit on the merits on direct appeal. Movant's allegations of error are still based on insufficient evidence and are not based on jurisdictional or constitutional errors. The Court agrees with the government that Movant's claims, except for the ineffective assistance of counsel claim, were raised on direct appeal, disposed of, and cannot be re-litigated. This Court incorporates the reasons and authorities set forth in the United States' answer, and will confine its analysis to a few brief observations.

### A. Wrongful Conviction of Conspiracy

Movant claims he was wrongfully convicted of conspiracy in the absence of a co-conspirator but relies on case law that has been overturned or rulings based on insufficient evidence of a conspiracy. *(Doc. 2, 1)* It does not follow from the fact that a criminal conspiracy must consist of at least two persons that one person alone may not be prosecuted for and found guilty of conspiracy with one or more persons named in the indictment as co-conspirators. *U.S. v. Sparrow*, 470 F.2d 885

(10th Cir. 1972), *cert. denied*, 411 U.S. 936 (1973). Two co-conspirators were indicted with Movant[2] and the Tenth Circuit found there was sufficient evidence of a conspiracy, noting that

> Callejas received assistance in his drug dealing from other conspirators including from the man who was manufacturing crack cocaine at the sink when the police walked in, from his girlfriend who was the look-out and warned Callejas that the police were arriving, and from at least one other man who assaulted the undercover agent on Callejas's behalf when he attempted to buy crack from him.

*Callejas*, 66 Fed. Appx. 826 at 831.

### B. Sufficiency of Evidence for Drug Convictions

Movant claims there was insufficient evidence to convict him on the various drug charges, including: possession with intent to distribute less than five grams of cocaine base, maintaining a residence for the manufacture of cocaine, and manufacturing cocaine base. *(Doc. 2, II, III, IV)*. The Tenth Circuit reviewed these claims on direct appeal and found that

> the evidence in the case establishes that a reasonable jury could have found Callejas guilty beyond a reasonable doubt. . . . [T]he evidence establishes that Callejas manufactured and sold crack cocaine from his residences, and was essentially caught red-handed doing so: he was attempting to flush the material down the toilet when the police found him.

*Callejas*, 66 Fed. Appx. 826 at 831. The Tenth Circuit ruled "on the basis of plentiful evidence presented at trial" that there was sufficient evidence to convict Movant of the charges against him. *(Id.)*.

### C. Firearms Conviction

Movant claims that in the absence of the above-described drug convictions, there is insufficient evidence linking the firearms in order to him to sustain a conviction. *(Doc. 2, V)*.

---

[2]The indictments against co-defendants Geovanny Torres and Annette Silva were dismissed without prejudice at the government's request because both were already serving prison sentences. *Callejas*, CR 00-732, Docs. 59, 107.

However, Movant's convictions on the drug charges were upheld by the Tenth Circuit on direct appeal and that Court specifically found that "Callejas carried weapons and kept firearms at the ready in his places of business to assist him in the conduct of his drug dealing." *Callejas*, 66 Fed. Appx. 826 at 831.

### D. "Cash-to-Drugs" Conversion

Movant claims that the conversion of cash-to-drugs for the purpose of determining his sentence range was done in error. *(Doc. 2, VI)*. On direct appeal to the Tenth Circuit, the Court found that "it was not clear error for the district court to have followed the recommendation of the PSR [Presentence Report] and to have converted the cash found near Callejas during the drug raids into an equivalent quantity of drugs." *Callejas*, 66 Fed. Appx. 826 at 834.

### E. Ineffective Assistance of Counsel

A recent Supreme Court case clarifies procedural questions surrounding ineffective assistance of counsel claims. In *Massaro v. United States*, 123 S.Ct. 1690, 1691 (2003), the Court adopts the position of the majority of circuits, including the Tenth Circuit decision in *United States v. Galloway*, 56 F.3d 1239 (10th Cir. 1995), holding that an "ineffective-assistance-of-counsel claim may be brought in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal." *See id.* at 1240. Therefore, Movant has properly brought his ineffective assistance of counsel claim in this Court under § 2255.

To establish ineffective assistance of counsel, Movant must make a two-prong showing: 1) that counsel's performance was constitutionally defective; and 2) that the deficient performance prejudiced the defense, in that counsel's errors were so serious as to deprive the defendant of a fair trial with a reliable result. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *accord, Rogers v.*

6

*United States*, 91 F.3d 1388, 1391 (10th Cir. 1996). To prove deficient performance, Movant must overcome the presumption that counsel's conduct was constitutionally effective. *Duvall v. Reynolds*, 139 F.3d 768, 776-777 (10th Cir. 1998).

Any scrutiny of counsel's performance must be highly deferential and must avoid the distorting effects of hindsight. *Miles v. Dorsey*, 61 F.3d 1459, 1474 (10th Cir. 1995). In order to be found constitutionally ineffective, counsel's performance must have been completely unreasonable, not merely wrong, so that it bears no relationship to a possible defense strategy. *Hoxsie v. Kerby*, 108 F.3d 1239, 1246 (10th Cir. 1997).

In this case, Movant alleges he received ineffective assistance of counsel because his attorney allowed him to testify at sentencing, his testimony was misconstrued as false and, as a result, his sentence was enhanced. *(Doc. 2, VII)*. This claim is without merit as Movant's counsel had no power to prevent him from testifying because a defendant has a constitutional right to testify in his own defense. *United States v. Dunnigan*, 507 U.S. 87, 96 (1993). But the right to testify does not include a right to commit perjury. *(Id.)* Movant did raise the issue of perjury on direct appeal to the Tenth Circuit. The Tenth Circuit found that the district court had a "wealth of information to support its conclusions that Callejas's statements constituted perjury," and found no error in the district court's decision to increase the sentence based on obstruction of justice through perjury. *Callejas*, 66 Fed. Appx. 826 at 835.

Next, Movant alleges his counsel was ineffective because counsel failed to convince the jury and the Court that the money found on his person was from an unconventional clothing resale business conducted from his residence and not from drug sales. *(Doc. 2, VII)*. The record indicates Movant's counsel did present information during the trial, in a sentencing memorandum to the Court,

and at the sentencing hearing that the money found on Movant was from a clothing resale business. *(Trial Transcript at 205, 393-394; Sentencing Memo, Doc 93; Sentencing Transcript at 3-5).* However, despite counsel's efforts, neither the jurors nor the Court believed this explanation. The jurors found Movant guilty as charged and the Court found the Movant's testimony about his involvement in the clothing business perjurious. *(Sentencing Transcript at 25).*

Finally, Movant alleges his counsel failed to provide oral or written argument against the cash-to-drugs conversion calculation and recommendation included in the Presentence Report. *(Doc. 2, VII).* The Court disagrees. Movant's counsel objected to the district court in a sentencing memorandum (*Callejas,* CR 00-732, *Doc. 93)*, and in appellant's brief during direct appeal. Counsel also argued against the calculation and recommendation at the sentencing hearing. *(Sentencing Transcript at 13-17).* The record shows Movant's allegations to be without merit.

Movant, therefore, fails to meet the two part test established in *Strickland v. Washington*, 466 U.S. 668 (1984) for demonstrating ineffective assistance of counsel. There is no evidence showing counsel's performance was constitutionally deficient. Movant does not claim that counsel's actions deprived him of a fair trial, and Movant's allegations that counsel's actions exposed Movant to an enhancement of his sentence is without merit.

### F. Appointment of Counsel

Movant also requests the Court to appoint counsel. *(Doc. 8).* There is no constitutional right to counsel in a proceeding brought under 28 U.S.C. § 2255. The decision of whether to appoint counsel is left to the discretion of the Court. Ordinarily, there is no reason to appoint counsel unless the case has reached the stage of the proceedings where an evidentiary hearing is required. *See e.g., United States v. Leopard*, 170 F.3d 1013 (10th Cir. 1999). There is no need for an evidentiary

hearing in this case and the Court finds that appointment of counsel would be inappropriate. Therefore, Movant's request for appointment of counsel should be denied.

**WHEREFORE, IT IS HEREBY RECOMMENDED THAT** Movant's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 *(Doc. 1)* filed September 15, 2003 be **DENIED**, and that this action be dismissed with prejudice.

**IT IS FURTHER** recommended that Movant's request for appointment of counsel *(Doc. 8)* be **DENIED**.

*Lourdes a. Martinez*
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**